IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT A. HALL REVOCABLE TRUST;                                              PLAINTIFFS
ROBERT A. HALL, JR., individually and as Trustee;
DOLORES A. HALL REVOCABLE TRUST; and
SUSANNE CAMPBELL HALL

v.                                   No. 4:17CV00836 JLH

U.S. SPECIALTY INSURANCE COMPANY;
and CMM MECHANICAL, LLC                                                      DEFENDANTS

## OPINION AND ORDER

This action arises out of an indemnity agreement. Robert A. Hall Revocable Trust; Robert A. Hall, Jr., individually and as Trustee; Dolores A. Hall Revocable Trust; and Susan Campbell Hall commenced this declaratory judgment action against U.S. Specialty Insurance Company and CMM Mechanical, LLC, on October 25, 2017, in the Circuit Court of Pulaski County, Arkansas, seeking a declaration of the rights of the parties bound by the agreement. U.S. Specialty removed the action to this Court on December 17, 2017, based on 28 U.S.C. § 1332(a). The plaintiffs have filed a motion to remand for lack of federal jurisdiction. For the following reasons, the motion is granted.

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. *See Arnold Crossroads, LLC v. Gander Mtn. Co.*, 751 F.3d 935, 938 (8th Cir. 2014). Once an action is removed, a plaintiff may move to remand the action to state court and the action must be remanded if the district court lacks jurisdiction. 28 U.S.C. § 1447(c). The burden is on the defendant to establish the district court's jurisdiction by a preponderance of the evidence. *In re Prempro Produ. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting

removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (internal quotation omitted). Federal district courts have original jurisdiction of all actions where the amount in controversy exceeds $75,000 and the controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Such '[d]iversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017) (quoting *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (internal quotation omitted)).

U.S. Specialty, a citizen of California and Texas, admits that the plaintiffs and CMM are citizens of Arkansas but maintains that CMM has been fraudulently joined to defeat diversity jurisdiction.[1] Document #1 at 3, ¶ 6. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620 (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). To establish that CMM was fraudulently joined and that diversity jurisdiction exists, U.S. Specialty must show by a preponderance of the evidence that the plaintiffs' inclusion of CMM as a defendant in this action has "no reasonable basis in fact and law." *See Filla*, 336 F.3d at 810.

On October 19, 2000, Robert A. Hall, Sr. formed two trusts—the Robert A. Hall Revocable Trust and the Dolores A. Hall Revocable Trust. Document #2 at 1, ¶ 1. Hall, Sr. named himself the trustee of both trusts and remained trustee until his death in on April 16, 2017, when his son, Robert A. Hall, Jr., succeeded him as trustee. *Id*. at 5-6 ¶¶ 16, 20, 24. Hall, Jr. and the wife of Hall, Sr. at

---

[1] U.S. Speciality submits two other arguments against remand but neither has any bearing on the Court's jurisdiction.

the time of his death, Susanne Campbell, are beneficiaries of the Robert A. Hall Revocable Trust and Hall, Jr. is the sole beneficiary of the Dolores A. Hall Revocable Trust. *Id*. at 5-6, ¶ 21, 29.

The indemnity agreement at issue in this case was executed on April 4, 2014. Document #6-1 at 1. Hall, Sr., trustee at the time, amended the trusts on that same day. *Id*. The amendments added a subparagraph authorizing the trustee to provide indemnification to third parties on behalf of the trusts with respect to guaranty and bonding for performance obligations by CMM. Document#6-1 at 17-20. The indemnity agreement lists CMM as the principal and the trusts as the indemnitors and obligates the principal and the indemnitors to jointly and severally indemnify the surety, U.S. Specialty, from all demands, liabilities, losses, costs, damages, etc. arising by reason of the execution or procurement by the surety of a bond. Document #6-1 at 1, 4. U.S. Specialty has alleged in a separate action that the indemnitors have failed to fulfill this obligation and the plaintiffs allege in this action that U.S. Specialty has demanded that the trusts post collateral in the amount of $450,000 to secure its surety bond. Document #9 at 2, ¶ 3; Document #2 at 9, ¶ 40.

The plaintiffs seek a declaratory judgment pursuant to Ark. Code Ann. § 16-111-101, which provides that courts shall have the power to declare rights, status, and other legal relations whether or not further relief can be claimed, that (1) the amendments to the trusts executed by Hall, Sr. on April 4 are invalid and (2) that because the amendments are invalid and Hall, Sr. did not have the authority to provide indemnification on behalf of the trusts, the indemnity agreement may not be enforced against the trusts. Document #2 at 11-17, ¶¶ 43-72. Ark. Code Ann. § 16-111-111(a) provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The Secretary of State of Arkansas revoked by proclamation CMM's corporate charter on January 1, 2018. Document #10-1. U.S. Specialty argues that CMM has legally ceased to exist, has no ability to protect any interest allegedly affected by the declaratory judgment action, and therefore the plaintiffs' inclusion of CMM as a defendant has no reasonable basis in fact and law. In other words, CMM has been fraudulently joined. It relies on *HRR Ark., Inc. v. River City Contractors, Inc.*, in which the Arkansas Supreme Court held that a company whose corporate charter was revoked and therefore ceased to exist legally could not initiate a lawsuit. 350 Ark. 420, 427-28, 87 S.W.3d 232, 237 (2002). Here, CMM is not seeking to initiate a lawsuit; it is the defendant in a lawsuit. Furthermore, U.S. Specialty ignores one caveat: The Arkansas Supreme Court noted there was nothing in the record to indicate that the company had ever attempted to reinstate its corporate charter. 350 Ark. at 427-28, 87 S.W.3d at 237. Ark. Code Ann. § 26-54-112 provides that any corporation whose charter has been revoked by the Secretary of State may be reinstated to all its rights, powers, and property if it pays delinquent taxes and penalties within seven years from the revocation. Reinstatement is retroactive to the time of the revocation. Ark. Code Ann. § 26-54-112(a)(ii). Therefore, CMM could upon reinstatement initiate a lawsuit or otherwise protect its rights as a principal jointly and severally liable for the indemnification of U.S. Specialty under the indemnity agreement. It has an interest which would be affected by the sought after declaration; it was not fraudulently joined. Because CMM, an Arkansas corporation, was not fraudulently joined, diversity jurisdiction is lacking. This action must be remanded to state court.

## CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED. Document #6. This action is remanded to the Circuit Court of Pulaski County.

IT IS SO ORDERED this 8th day of February, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE